UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leigh E. Johnson, by and through her parents, Cynthia M. Johnson and David S. Johnson,

Plaintiffs,

Civil File No. 01-1219 (PAM/JGL)

v.

**MEMORANDUM AND ORDER**

Fridley Public Schools, Independent School District No. 14, the Fridley Board of Education, Greg Rosholt, Chair, and MaryAnn Nelson, Superintendent, in their representative capacities,

Defendants.

---

Plaintiffs are seeking attorney's fees for work related to a complaint filed under the complaint resolution procedures ("CRP") of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. This matter is before the Court on Defendants' Motion for Summary Judgment. For the following reasons, the Court grants Defendants' Motion.

**BACKGROUND**

Because Plaintiffs have conceded that there is no genuine dispute over the material facts in this case, a brief summary of the salient facts is sufficient. Plaintiffs are the parents of Leigh Johnson, a disabled child. In 1999, Plaintiffs filed a complaint with the Minnesota

FILED FEB 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 12 2002
DEPUTY CLERK

Department of Children, Families, and Learning ("MDCFL"), pursuant to Minnesota's CPR. Plaintiffs alleged that Defendants Fridley Public Schools, Independent School District No. 14, the Fridley Board of Education, Greg Rosholt, the Chairperson of the Board, and MaryAnn Nelson, the Superintendent (collectively referred to as "the District") violated the IDEA by failing to properly provide special education services to their daughter. The MDCFL investigated the Complaint and found several violations of the IDEA. Accordingly, in August 1999, the MDCFL ordered the District to take certain corrective actions.

According to Plaintiffs, the parties met twice in September 1999, but the District refused to comply with the MDCFL order. On November 15, 1999, Plaintiffs retained their current counsel who claims to have spent 55.3 hours between November 15, 1999, and June 5, 2001, in efforts to enforce Plaintiffs' special education rights and implement the MDCFL order.

The District puts a different spin on these same basic facts. The District claims that by November 1999, it had complied with all but two of the requirements of the MDCFL order. According to the District, however, it had taken substantial and voluntary strides towards meeting the remaining requirements.

In any event, Plaintiffs concede that all of their claims were ultimately resolved by a final order of the MDCFL dated June 6, 2001, incorporating the agreement of the parties on various matters. In order to survive summary judgment, Plaintiffs must establish that their efforts to enforce their rights under the CRP constitute an "action or proceeding" for purposes

of the attorney's fees provision of the IDEA. Because they cannot do this, Plaintiffs' claim fails as a matter of law.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is only proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sucur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials and must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### B. Action or Proceeding

Two "'separate, distinct, and independent remedies [are] available to children with

disabilities and their parents to resolve issues of disagreement with local school districts regarding the implementation of the requirements set forth in the IDEA." Megan C. v. Indep. Sch. Dist. No. 625, 57 F. Supp. 2d 776, 780 (D. Minn. 1999) (Davis, J.). First, the IDEA itself provides for an "impartial due process hearing," 20 U.S.C. § 1415(f)(1), which includes the right to counsel, the right to present evidence, and the right to present, confront, and compel the attendance of witnesses. See 20 U.S.C. § 1415(h). Second, parents can file a complaint pursuant to a state's CRP. Unlike the due process hearing system, the CRP is described only in 34 C.F.R. §§ 300.660-.662.

If a parent or guardian obtains affirmative relief in an action or proceeding brought under the IDEA, "the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 300.515. The dispute in this case centers on whether a complaint filed pursuant to a CRP is an "action or proceeding" that entitles prevailing parents to attorney's fees.

The District relies extensively on Megan C. and argues that the court in that case, after engaging in a thorough analysis of the IDEA's text and regulations, properly concluded that a complaint initiated under a CRP does not constitute an "action or proceeding" for the purposes of awarding attorney's fees under the IDEA. Doing little more than perfunctorily cataloging several disagreements with the reasoning of Megan C., Plaintiffs propose that this Court disregard Megan C. and look to a more recent decision of the Ninth Circuit holding

that attorney's fees are available for complaints filed pursuant to a CRP. See Lucht v. Molalla River Sch. Dist., 225 F.3d 1023 (9th Cir. 2000).

In Megan C., the court rested a good deal of its reasoning on the fact that section 1415(i)(3), providing attorney's fees to a prevailing party, specifically states that it only applies to actions or proceedings brought under section 1415. Prior to 1997, section 1415(b) stated that "[t]he procedures required by this section shall include, but shall not be limited to" a due process hearing, an appeal to a State Education Agency, an appeal to a court, and the opportunity to resolve the matter through mediation. In 1997, 1415(b) was amended to remove the language "but shall not be limited to." According to the Megan C. court, this deletion signaled the clear intent of Congress to contract the right to recover attorneys' fees under the Act. See Megan C., 57 F. Supp. 2d at 784-85.

The court buttressed this conclusion by noting that the implementing regulations establishing the CRP fail to provide the mandatory procedural protections required for a due process hearing. These protections include the right to be accompanied and advised by counsel, the right to confront, cross-examine, and compel the attendance of witnesses, and the right to an appeal. The absence of these procedural safeguards, the court held, "further supports the proposition that a complaint initiated under the CRP is not an 'action or proceeding' brought under § 1415." Id. at 785.

The court in Megan C. concluded by considering the policies behind the due process hearing and the CRP. It stated that

> the purpose of the CRP is to provide a 'free service' through which parents can seek enforcement of the IDEA without engaging in the adversarial process and incurring the corresponding fees of 'costly legal action.' . . . The more amicable and informal purpose of the CRP is facilitated by the role of the [State Educational Agency] . . . which acts as an impartial investigator, negating the need for each individual party to conduct discovery, investigation, and research and thereby precluding the need for retention of counsel to perform such tasks.

Id. at 791. In light of these policy considerations, the court found that allowing plaintiffs to "recover[] . . . attorneys' fees and costs under the CRP would contravene the . . . purposes of the CRP to provide an economical and non-adversarial complaint resolution process." Id.

The Ninth Circuit in Lucht did not address or even mention Megan C. Nevertheless, in diametric opposition to the reasoning in Megan C., the Ninth Circuit determined that "[h]ad Congress intended that attorney fees be available only in those cases involving an impartial due process hearing under § 1415(f), it could have and would have written the statute more narrowly to say so." Lucht, 225 F.3d at 1027. To reach this conclusion, the Ninth Circuit made much of the fact that section 1415(i)(3)(B) states that "[i]n any action or proceeding under this section" attorneys' fees may be awarded to the prevailing party. "Congress' use of the word 'any' is significant, because it suggests that there is more than one type of 'proceeding' in which a district court is authorized to award attorneys.'" Lucht, 225 F.3d at 1027.

This Court disagrees. Although Congress' use of the word "any" in section 1415(i)(3)(B) certainly could mean that Congress intended that the award of attorneys' fees be available in a broad range of procedures under the Act, Congress' elimination of the

phrase "including but not limited to" cuts against such a reading. Additionally, as the court in Megan C. noted, there is an important policy distinction between the CRP and due process hearings under the Act. If attorney's fees were available in both processes, defendants, exposed to an equal risk under either system, would likely demand the procedural safeguards of a due process hearing, thereby undermining the value of the CRP. Accordingly, the Court finds that Plaintiffs are not entitled to attorney's fees under the IDEA.

**CONCLUSION**

Persuaded by the sound reasoning of Judge Davis in Megan C., the Court holds that Plaintiffs' complaint under the CRP is not an "action or proceeding" for the purposes of awarding attorney's fees under the IDEA. Accordingly, for the foregoing reasons, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Clerk Doc. No. 11) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 12, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*